## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PATRICIA HAMMOND,** | * | |
| | * | |
| Plaintiff, *pro se* | * | |
| | * | |
| v. | * | |
| | * | Civil No. **8:22-cv-01389-PJM** |
| **NEWREZ LLC,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

### MEMORANDUM OPINION

*Pro se* plaintiff Patricia Hammond has filed a Complaint (ECF No. 9) against Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), alleging breach of contract. She claims Shellpoint breached a deed of trust she had executed in connection with a property purchase after she sent Shellpoint a "negotiable instrument," she intended as payment of her accumulated mortgage debt. Shellpoint has filed a Motion to Dismiss.

On May 14, 2009, Hammond executed a $229,600 promissory note and a deed of trust to secure a loan from Bank of America to refinance the mortgage on her home. ECF No. 11 at 2. After a series of transfers of the loan, Shellpoint, on behalf of Legacy Mortgage Asset Trust, the latest owner of the loan, became the holder of the promissory note. *Id.* Shellpoint was responsible for collecting payments from Hammond as of May 27, 2021. *Id.*

On December 29, 2021, Hammond sent Shellpoint a self-created document entitled "Order Paper-Negotiable Instrument" (the "negotiable instrument"), intending it as payment of her accumulated mortgage debt in the amount of $2,500,000. ECF No. 9-3. She also attached a letter claiming that the deed of trust allows "any payment," and explains that the term "payment" means "something given to discharge a debt or obligation," citing *Hill v. United States*, 263 F.2d 885,

- 1 -

886 (3d Cir. 1959). ECF No. 9-4. The letter requested that Shellpoint, upon receiving the payment, "prepare a certificate of satisfaction in releasing the deed of trust." *Id.* Hammond claims that Shellpoint accepted the "negotiable instrument" as payment upon receiving it.

On February 17, 2022, Shellpoint sent Hammond a form letter in response, which stated in part, "We are working to gather the requested information and will forward it to you as soon as possible." ECF No. 9-5. Hammond understood this to mean that Shellpoint was preparing the certificate of satisfaction she had requested in order to release her from her mortgage debt obligation. ECF No. 9 at 4. When Shellpoint did not release her from her debt and did not return the "negotiable instrument," Hammond sued.

Her suit began in the Circuit Court for Prince George's County, claiming breach of contract and fraud. ECF No. 11 at 2. Shellpoint removed the case to this Court based on diversity jurisdiction. On June 28, 2022, Hammond amended her complaint, removing the fraud claim and requesting a trial by jury, compensatory damages in the amount of $2,729,600, cost of the suit, and "such other relief as this Court deems just, proper, and equitable." ECF No. 9 at 5. Shellpoint filed a Motion to Dismiss on July 7, 2022. ECF No. 11.

Hammond cotends that the "negotiable instrument" serves as a valid form of payment on her mortgage. ECF No. 9. She further alleges that since Shellpoint neither released her from her mortgage debt, nor reimbursed her for the negotiable instrument, she is entitled to damages. *Id.* at 5.

## I.

A motion to dismiss the complaint will be granted where the complaint's allegations do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). This means that a plaintiff's complaint must present enough facts to substantiate its assertions. A plaintiff may not simply declare, without foundation, that she believes she is entitled to some relief.

It is not enough for a plaintiff to assert a legal conclusion without more; these conclusions "are not entitled to the assumption of truth." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although *pro se* litigants are entitled to special solicitude and courts are to construe complaints by an unrepresented party "liberally," this requirement "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Where no actionable claim is asserted, a complaint will be dismissed.

## II.

At the heart of Hammond's argument is the mistaken belief that her so-called "negotiable instrument" constituted a payment of her mortgage debt. A "negotiable instrument" is "an unconditional promise or order to pay a fixed amount of money[.]" MD. CODE ANN. tit. 3 § 3-104(a) (2022). Here, Hammond did nothing more than send Shellpoint a piece of paper claiming to be a "negotiable instrument" worth $2,500,000 in value. It contained no promise to pay or information about her future plans to satisfy the debt.

Hammond's deed of trust provides that "[p]ayments due under the Note and this Security Instrument shall be made in U.S. Currency." ECF No. 9 at 3. Her assertion that her "negotiable instrument" constitutes a form of payment has no basis in law or fact. She believes that the term "payment" refers to anything of value and does not require transfer of money. ECF No. 9 at 5-6 (citing *Lasorte v. Those Certain Underwriters at Lloyd's*, 995 F. Supp. 2d 1134, 1142-43 (D. Mont. 2014)). Yet her document has no value whatsoever. Stating that a piece of paper is the